IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

    Petitioner,          No. 2: 09-cv-0067 WBS KJN P

   vs.

JAMES WALKER,

    Respondent.          ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 2007 conviction for a prison disciplinary. In particular, petitioner was convicted of possession of contraband (razor blade) in violation of Cal. Code Regs. tit. 15, § 3006(a). Petitioner alleges that his right to due process was violated by the failure of prison officials to appoint a staff assistant to assist him at the disciplinary hearing.

        For the following reasons, respondent is ordered to file further briefing.

        "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24

1

hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. Confrontation and cross examination are not generally required. Id. at 567.

Regarding legal assistance, the law distinguishes between staff assistants and investigative employees. A staff assistant, when assigned, is responsible for informing the inmate of his rights and of the disciplinary hearing procedures, advising and assisting the inmate in preparation for the hearing, and representing the inmate's position at the hearing. Cal. Code Regs. tit. 15, § 3318(b). An investigative employee, when assigned, is responsible for interviewing the charged inmate, gathering information, questioning staff and inmates with relevant information, and screening prospective witnesses. Cal.Code. Regs. tit. 15, § 3318(a).

As noted *supra*, the Supreme Court has held that due process may require the assistance of a fellow inmate or staff member to act on the prisoner's behalf at a prison disciplinary hearing, but only in limited circumstances. See Wolff, 418 U.S. at 570. Specifically, the Supreme Court stated:

> Where an illiterate inmate is involved [ ... ] or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.

Id.

In the instant case, an investigative employee was appointed to assist petitioner in investigating the charges against him. However, a staff assistant to help petitioner during the disciplinary hearing was not assigned.

Petitioner argues that because he is illiterate, the failure of prison officials to appoint a staff assistant violated his right to due process. Petitioner argues that his Test of Adult Basic Education ("TABE") score was 3.6, and that TABE scores below 4.0 demonstrate functional illiteracy. Attached as an exhibit to the petition is a rules violation report dated September 24, 2006, regarding a different offense. (Dkt. 1, at 33.) This report states that petitioner was appointed a staff assistant because his TABE score was below 4.0:

> Subject has a TABE score below 4.0 and does not evidence an inability to effectively communicate during the hearing process. To ensure the Subject's ability to effectively communicate for due process, this SHO explained the charges/options/process instructions to the Subject by reading the document, speaking slowly, and rephrasing the sentences in simple English. The Subject explained his understanding of the charges/options/ process/instructions to this SHO's satisfaction. Based on the Subject's TABE score, he was assigned a Staff Assistant.

(Id.)

Also attached to the petition is a copy of what appears to be a report from a classification committee hearing. (Id., at 31.) This report, dated June 14, 2007, states that petitioner had a TABE score of 3.6. (Id.)

In the answer, respondent argues that there is no evidence that petitioner was illiterate at the time of the at-issue June 2007 disciplinary hearing. Respondent cites to the Rules Violation Report for the 2007 disciplinary hearing which indicates that petitioner was not illiterate:

> Subject has a TABE score above 4.0 and did not evidence an inability to effectively communicate during this hearing process. To ensure the Subject's ability to effectively communicate for due process, this SHO explained the charges/process/options/ instructions to the Subject. EEC established by having Inmate JOHNSON read the RVR. Inmate JOHNSON states that he understands what he read and the charge against him. Inmate JOHNSON states he understands his due process rights as plained by the SHO. The Subject explained his understanding of the charges/process/options/instruction to this SHO's satisfaction.

(Id., at 26.)

3

1   The record contains conflicting information regarding petitioner's TABE score in
2   June 2007. Respondent is ordered to file further briefing addressing this matter. In particular,
3   respondent shall address petitioner's most recent TABE score and provide relevant
4   documentation, including the TABE report relied on by the officer at the June 2007 disciplinary
5   hearing. Respondent shall also address how petitioner's TABE score went from "below 4" at the
6   time of the September 2006 disciplinary hearing to "above 4" at the time of the June 2007
7   disciplinary hearing.
8   Accordingly, IT IS HEREBY ORDERED that within twenty-eight days of the
9   date of this order, respondent shall file the further briefing described above.
10  DATED: February 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john67.fb

4