1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LACEDRIC W. JOHNSON,

11                 Petitioner,                   No. 2: 09-cv-0067 WBS KJN P

12         vs.

13   JAMES WALKER,                               ORDER AND

14                 Respondent.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17               Petitioner is a state prisoner proceeding without counsel with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2007 conviction for a

19   prison disciplinary.  In particular, petitioner was convicted of possession of contraband (razor

20   blade) in violation of Cal. Code Regs. tit. 15, § 3006(a).  Petitioner alleges that his right to due

21   process was violated by the failure of prison officials to appoint a staff assistant to assist him at

22   the disciplinary hearing.

23               After carefully reviewing the record, the undersigned recommends that the

24   petition be denied.

25   ////

26   ////

                                          1

II.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the  "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

2

1   (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its

2   independent review of the legal question, is left with a 'firm conviction' that the state court was

3   'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas

4   relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

5   decision."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

6          The court looks to the last reasoned state court decision as the basis for the state

7   court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  If there is no reasoned

8   decision, "and the state court has denied relief, it may be presumed that the state court

9   adjudicated the claim on the merits in the absence of any indication or state-law procedural

10  principles to the contrary."  Harrington, 131 S. Ct. at 784-85 (2011).  That presumption may be

11  overcome by a showing that "there is reason to think some other explanation for the state court's

12  decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

13         Where the state court reaches a decision on the merits but provides no reasoning

14  to support its conclusion, the federal court conducts an independent review of the record.

15  "Independent review of the record is not de novo review of the constitutional issue, but rather,

16  the only method by which we can determine whether a silent state court decision is objectively

17  unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  Where no reasoned

18  decision is available, the habeas petitioner has the burden of "showing there was no reasonable

19  basis for the state court to deny relief.  Harrington, 131 S. Ct. at 784.  "[A] habeas court must

20  determine what arguments or theories supported or, . . . could have supported, the state court's

21  decision; and then it must ask whether it is possible fairminded jurists could disagree that those

22  arguments or theories are inconsistent with the holding in a prior decision of this Court.  Id. at

23  786.

24  ////

25  ////

26  ////

3

1   III.  Discussion

2           "Prison disciplinary proceedings are not part of a criminal prosecution, and the

3   full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell,

4   418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum

5   procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24

6   hours between the time the prisoner receives written notice and the time of the hearing, so that

7   the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence

8   they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call

9   witnesses and present documentary evidence in his defense, when permitting him to do so would

10  not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to

11  the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at

12  563-71. Confrontation and cross examination are not generally required.  Id. at 567.

13          Regarding legal assistance, the law distinguishes between staff assistants and

14  investigative employees.  A staff assistant, when assigned, is responsible for informing the

15  inmate of his rights and of the disciplinary hearing procedures, advising and assisting the inmate

16  in preparation for the hearing, and representing the inmate's position at the hearing.   Cal. Code

17  Regs. tit. 15, § 3318(b).  An investigative employee, when assigned, is responsible for

18  interviewing the charged inmate, gathering information, questioning staff and inmates with

19  relevant information, and screening prospective witnesses.  Cal. Code. Regs. tit. 15, § 3318(a).

20          As noted *supra*, the Supreme Court has held that due process may require the

21  assistance of a fellow inmate or staff member to act on the prisoners behalf at a prison

22  disciplinary hearing, but only in limited circumstances.  See Wolff, 418 U.S. at 570.

23  Specifically, the Supreme Court stated:

24          Where an illiterate inmate is involved [ ... ] or where the
            complexity of the issue makes it unlikely that the inmate will be
25          able to collect and present the evidence necessary for an adequate
            comprehension of the case, he should be free to seek the aid of a
26          fellow inmate, or if that is forbidden, to have adequate substitute

4

1                    aid in the form of help from the staff or from a sufficiently
                    competent inmate designated by the staff.

2

3   Id.

4        Petitioner argues that because he is illiterate, the failure of prison officials to

5   appoint a staff assistant to assist him at the June 17, 2007 disciplinary hearing violated his right

6   to due process.  Petitioner argues that his Test of Adult Basic Education ("TABE") score was 3.6,

7   and that TABE scores below 4.0 demonstrate functional illiteracy.

8        Attached as an exhibit to the petition is a rules violation report dated September

9   24, 2006, regarding a different offense.  (Dkt. No. 1, at 33.)  This report states that petitioner was

10   appointed a staff assistant because his TABE score was below 4.0:

11                  Subject has a TABE score below 4.0 and does not evidence an
                  inability to effectively communicate during the hearing process.

12                  To ensure the Subject's ability to effectively communicate for due
                  process, this SHO explained the charges/options/process

13                  instructions to the Subject by reading the document, speaking
                  slowly, and rephrasing the sentences in simple English.  The

14                  Subject explained his understanding of the charges/options/
                  process/instructions to this SHO's satisfaction.  Based on the

15                  Subject's TABE score, he was assigned a Staff Assistant.

16   (Id.)

17        Also attached to the petition is a copy of what appears to be a report from a

18   classification committee hearing.  (Id., at 31.)  This report, dated June 14, 2007, states that

19   petitioner had a TABE score of 3.6.  (Id.)  The report also states that based on the TABE score, a

20   staff assistant was assigned and committee members spoke slowly and had petitioner repeat back

21   the actions of the committee to ensure effective communication.  (Id.)

22        In the answer, respondent argues that there is no evidence that petitioner was

23   illiterate at the time of the at-issue June 17, 2007 disciplinary hearing.  Respondent cites to the

24   Rules Violation Report for the 2007 disciplinary hearing which indicates that petitioner was not

25   illiterate:

26   ////

> Subject has a TABE score above 4.0 and did not evidence an
> inability to effectively communicate during this hearing process.
> To ensure the Subject's ability to effectively communicate for due
> process, this SHO explained the charges/process/options/
> instructions to the Subject.  EEC established by having Inmate
> JOHNSON read the RVR.  Inmate JOHNSON states that he
> understands what he read and the charge against him.  Inmate
> JOHNSON states he understands his due process rights as
> explained by the SHO.  The Subject explained his understanding of
> the charges/process/options/instruction to this SHO's satisfaction.

(Id., at 26.)

On February 25, 2007, the undersigned issued an order directing respondent to file further briefing regarding the conflicting information in the record regarding petitioner's literacy at the time of the at-issue disciplinary hearing.  Respondent was ordered to address petitioner's most recent TABE score and to provide relevant documentation, including the TABE report relied on by the officer at the June 17, 2007 disciplinary hearing.

On April 21, 2011, respondent filed a motion to vacate the February 25, 2007 order based on the recent decision by the United States Supreme Court in Cullen v. Pinholster, 2011 WL 1225705 (April 4, 2011).  Cullen held that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 2011 WL 1225705, at *8.  The Supreme Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court."  Id.

The Supreme Court held that this reading was "compelled" by the structure of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which it held conveyed "Congress' intent to channel prisoners claims first to the state courts."  Id.  It held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court."  Id. at *10.  The

6

1   Supreme Court noted that this construction did not render superfluous § 2254(e)(2), which sets

2   limits on the availability of evidentiary hearings.  That subsection may apply when a

3   constitutional claim was not "adjudicated on the merits," within the meaning of § 2254(d)(1).  <u>Id.</u>

4   at *10–11.

5           In the instant case, petitioner's claim was adjudicated on the merits in state court.

6   The Solano County Superior Court issued a reasoned decision addressing petitioner's claim.

7   (Dkt. No. 13-2, at 33-34.)  The California Court of Appeal and California Supreme Court denied

8   petitioner's claims without comment or citation.  (Dkt. No. 13-4, at 3; Dkt. No. 13-6, at 2.)

9   Pursuant to <u>Cullen</u>, the record in the instant case may not be expanded to include evidence that

10   was not presented in state court.  Accordingly, the February 25, 2011 order for further briefing is

11   vacated.

12           Turning to the merits of petitioner's claim, a district court may grant habeas relief

13   to a person in state custody only if the state court decision "was contrary to, or involved an

14   unreasonable application of, clearly established Federal law, as determined by the Supreme Court

15   of the United States," 28 U.S.C. § 2254(d)(1), or if the state court decision "was based on an

16   unreasonable determination of the facts in light of the evidence presented in the State court

17   proceeding."  28 U.S.C. § 2254(d)(2).  The state court's decision is based on an "unreasonable

18   determination of the facts" when the petitioner shows by clear and convincing evidence that the

19   court's conclusion was based on factual error, <u>see</u> <u>Wiggins v. Smith</u>, 539 U.S. 510, 528 (2003),

20   or where the state court's weighing of the evidence was objectively unreasonable.  <u>See</u> <u>Miller-El</u>

21   <u>v. Cockrell</u>, 537 U.S. 322, 348 (2003).  The state court's individual findings of fact are entitled to

22   a presumption of correctness, which the petitioner must rebut by clear and convincing evidence.

23   <u>See</u> 28 U.S.C. § 2254(e)(1).

24           Petitioner's habeas petition filed in the Superior Court included only the 2007

25   classification report stating that his TABE score was below 4.0.  Petitioner's habeas petitions

26   filed in the California Court of Appeal and California Supreme Court included both the 2007

classification report and the 2006 rules violation report, both presented in support of the instant

petition.  All state courts found, in essence, that petitioner did not qualify for a staff assistant

because he was not illiterate.

Petitioner has not demonstrated by clear and convincing evidence that the state

courts' findings that he was not illiterate were based on factual error or that the state courts'

weighing of the evidence was objectively unreasonable.  While there was evidence showing that

petitioner had previously had a TABE score below 4.0, the rules violation report indicates that

petitioner actually read the rules violation report and stated that he understood what he read and

the charges against him.  The state courts' reliance on the information in the rules violation report

was not unreasonable.

Assuming a staff assistant should have been appointed to assist petitioner, the

undersigned finds that the failure to do so did not have a "substantial and injurious effect" on the

outcome of the hearing.  Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).  In other words,

petitioner had not demonstrated actual prejudice.  See id.

Petitioner was found guilty of the charges based on the following evidence:

A) The RVR dated, 05/06/07, authored by Officer A. Alcaraz,
which states in part, "On 05/06007, at approximately *** hours,
during a cell search of 11-148 (ASU Overflow), I discovered one
(1) altered razor blade on the lower bunk area next to the lower
electrical outlet.  I took possession of the razor blade.
B) Inmate Johnson's own admission of guilt, stating: "The razor
blade belongs to me."
C) Additional Information: SHO called CSP-Solano main control
to find out when Inmate Johnson, P-28950, moved into cell 11-
148.  Main control staff stated Johnson was assigned to cell 11-
148-U on March 23, 2007.  Approximately five (5) weeks before
the 05/06/07 incident.  The razor blade was found in a common
area of the cell.
D) Questions asked by Inmate Johnson.  Reporting Employee
(Officer A. Alcaraz) answers question from Investigating
Employee Report through the SHO during the hearing:
Q: When was cell 11-148 searched prior to me moving in?
A: I don't know.
Q: Did anyone see you (C/) Alcarez) find the razor in cell 11-148?
A: I don't know.
Q: Was the razor found in my bunk area?

1            A: Near the lower bunk area next to a electrical outlet.
           Q: Was the search policy followed?
2            A: Yes, based on my experience.

3 (Dkt. No. 13-1, at 24.)

4          Considering the strong evidence against petitioner, including his admission of

5 guilt, petitioner has not demonstrated how appointment of a staff assistant would have had any

6 impact on the outcome of the hearing.

7          Accordingly, IT IS HEREBY ORDERED that respondent's motion to vacate the

8 order for supplemental documents (Dkt. No. 26) is granted;

9          IT IS HEREBY RECOMMENDED that petitioners application for a writ of

10 habeas corpus be denied.

11          These findings and recommendations are submitted to the United States District

12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

13 one days after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

16 objections, he shall also address whether a certificate of appealability should issue and, if so, why

17 and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

18 the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

19 § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

20 service of the objections.  The parties are advised that failure to file objections within the

21 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

22 F.2d 1153 (9th Cir. 1991).

23 DATED:  April 29, 2011

24                                    _____

25                               KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

26 john67.157